# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

ALICE SINANYAN, an individual; *et. al.*,

                    Plaintiffs,

vs.

LUXURY SUITES INTERNATIONAL, LLC*; et. al.*,

                    Defendants.

Case No. 2:15–cv–225–GMN–VCF

**ORDER**

MOTION TO COMPEL (#65)

This matter involves Plaintiffs civil action against Defendant JAB Affiliates, LLC and other Defendants.  Before the court is Plaintiffs' Motion to Compel (Doc. #65), JAB's response (Doc. #68), and the Plaintiffs' reply (Doc. #73).  For the reasons stated below, the Plaintiffs' motion to compel is granted in part and denied in part.

## I. Background

Plaintiff Sinanyan proposes to represent a class of condominium owners against the Defendants. Sinanyan alleges that the Defendants wrongfully withheld the Plaintiffs' shares of rental income from condominium units located in the Signature at the MGM Grand development.  (Doc. #32).  Sinanyan's class certification motion is pending before the court.  (Doc. #57).

The instant discovery dispute arose after Sinanyan served discovery requests on Defendant JAB Affiliates, LLC.  At issue in the instant motion are: (1) seven of Sinanyan's requests for production (hereafter "RFP"), (2) two of Sinanyan's interrogatories, and (3) three of Sinanyan's requests for admission (hereafter "RFA").  Sinanyan now moves to compel JAB to produce responsive documents and provide adequate responses to her interrogatories and RFAs.

*/// /// ///*

1

## II. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery ins resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production or inspection." FED. R. CIV. P. 37(a)(3)(B). "This motion may be made if … a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents … as requested under Rule34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv).

The party requesting that a matter be admitted "may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." FED. R. CIV. P. 36(a)(6). "On a finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6).

A party objecting to a request for production must state its objection with specificity. FED. R. CIV. P. 34(b)(2)(C). "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'" *EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D. Nev. Sept. 11, 2013) (internal citations omitted). "[B]oilerplate objections such as 'overly burdensome and harassing' are improper." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

"[B]oilerplate objections or blanket refusals inserted in a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. United States District for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005). The court undertakes a holistic reasonable analysis to determine whether a privilege was validly asserted. *Id.* "[P]roviding particulars typically contained in a privilege log is presumptively sufficient [to assert a privilege] and boilerplate objections are presumptively insufficient." *Id.*

### III. Discussion

The parties present three issues: (1) whether JAB must produce documents responsive to Sinanyan's RFPs, (2) whether JAB must answer Sinanyan's interrogatories, and (3) whether JAB must serve amended answer to Sinanyan's requests for admissions.

1.    JAB Must Produce Documents Responsive to Sinanyan's RFPs at Issue Except RFP 20

JAB responded to each contested RFP with similar sets of objections and refused to produce responsive documents. JAB's objections are discussed below.

    i.    *Vague and Ambiguous*

JAB objects to various terms in RFPs 3, 5, 10, 11, 12, 20, and 21 as vague and ambiguous. Except for the term "statement of accounts" in RFP 20, none of the objected to terms are vague and ambiguous. Sinanyan either defines the objected to terms in her discovery requests or the objected to term has a common usage that is readily applied to Sinanyan's RFP. With respect to the term "statement of accounts" in RFP 20, the term is ambiguous. Sinanyan is likely referring to a specific set of documents, but as she does not define the term in her discovery requests. JAB cannot produce responsive as it cannot know which "accounts" Sinanyan is referring to. JAB's vague and ambiguous

3

objection to RFP 20 is sustained, JAB is not required to produce documents responsive to RFP 20.[1]

JAB's remaining vague and ambiguous objections are overruled.

ii.   *Responsive Documents Are Not In JAB's Possession, Custody, or Control*

"The responding party must then make a reasonable inquiry to determine whether responsive

documents exist." *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, Case No. 2:12-cv-

1324-JAD-NJK, 2014 WL 910350 at* 2 (D. Nev. Mar. 7, 2014).  "A reasonable inquiry requires, 'at a

minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the

[party] potentially possessing responsive information, and to account for the collection and subsequent

production of the information to [the opposing party].'" *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

If the responding party asserts that the requested documents do not exist, the "[responding] party

should so state with sufficient specificity to allow the Court to determine whether the party made a

reasonable inquiry and exercised due diligence." *Vistana*, 2014 WL 910350 at* 2.  "Information

regarding the search conducted should be provided through declarations under oath detailing the nature

of the efforts to locate responsive document." *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

JAB objects to RFPs 3, 5, 10, 11, 12, and 21 on the grounds that responsive documents are not in

its possession, custody, or control.  JAB's objections are overruled as it fails to provide a declaration that

explains its efforts to search for responsive documents.

iii.   *Overbroad*

JAB objects to RFPs 3, 5, 10, 11, 12, and 21 on the grounds Sinanyan's RFPs are overly broad.

JAB's overbreadth objections are overruled; each of Sinanyan's RFPs limits its request by subject

matter.

---

[1] As the court sustains JAB's vague and ambiguous objection to RFP 20, JAB's other objections to RFP 20 will not be discussed.

    iv.  *Attorney-Client Privilege and Work-Product Protection*

  JAB objects to RFPs 3, 5, 10, 11, 12, and 21 on the grounds responsive documents are protected by the attorney-client privilege and work-product protection.   "[P]roviding particulars typically contained in a privilege log is presumptively sufficient [to assert a privilege] and boilerplate objections are presumptively insufficient." *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.  JAB's objections based on the attorney-client privilege and work-product protection are overruled; JAB failed to submit a privilege log and the court is unable to ascertain whether JAB has validly asserted the privilege or the protection.

    v.  *Undue Burden*

  JAB objects to RFPs 3, 5, 10, 11, 12, and 21 on the grounds that responding to Sinanyan's RFPs are an undue burden.  "[B]oilerplate objections such as 'overly burdensome and harassing' are improper." *A. Farber and Partners, Inc*., 234 F.R.D. at 188.  Accordingly, JAB's objections based on undue burden are overruled.

    vi.  *Third-Party Privacy*

  JAB objects to RFP 21 on the grounds that production of responsive documents would violate the privacy rights of third parties.  "Confidentiality in and of itself is not a legitimate grounds of objection." *Collins v. NDOC*, Case No. 3:13-CV-00255-RCJ-WGC, 2014 WL 4656232, at* 3 (D. Nev. Sept. 17, 2014).  "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.* JAB's third-party privacy objections are overruled; JAB failed to show how third-party privacy concerns could not be addressed by redaction of responsive documents or with a protective order.

vii.    *Sinanyan is Not an Adequate Class Representative*

JAB objects to RFPs 3, 5, 10, 11, 12, and 21 on the grounds that Sinanyan is not an adequate class representative and is not entitled to class discovery. "Although a party seeking class certification is not always entitled to discovery on the class certification issue, [the Ninth Circuit has] stated that '[t]he propriety of a class action cannot be determined in some cases without discovery.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). "[T]he better more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Id.* "District courts have broad discretion to control the class certification process, and '[w]hether or not discovery is permitted … lies within the sound discretion of the trial court." *Id.*

Pre-certification class discovery may be denied when, the plaintiff fails to show a "prima facie case for class relief under Rule 23 or that discovery [will] likely produce substantiation of the class allegations." *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 505 (C.D. Cal. 2011).

Here, JAB's objections, that Sinanyan is not entitled to pre-certification class discovery, are overruled. The Central District of California's decision in *Nguyen v. Baxter Healthcare Corp.*, is instructive on the issue of pre-certification class discovery. *Id.* In *Nguyen*, the plaintiff sought to represent a class of hospital employees who had allegedly been denied adequate meal periods. *Id.* at 507. The *Nguyen* court held that the plaintiff was entitled to reasonable, pre-certification discovery in light of the fact that many class-certification motions cannot be decided on the pleadings alone. *See id.* Here, Sinanyan is entitled to reasonable, pre-certification discovery as she has made a prima facie case for class relief. Sinanyan proposes to represent a class of at least two hundred and fifteen condominium owners who owed units in the Signature at the MGM Grand development during the time period when the Defendants managed the development. Sinanyan alleges that the Defendants wrongfully withheld

the owners' shares of alleged rental income.  RFPs 3, 5, 10, 11, 12, and 21 are reasonable, pre-certification discovery.  RFPs 3, 5, 10, 11, 12, and 21 inquire about documents related to alleged rental revenue and agreements the Defendants had with other condominium owners.  JAB must produce responsive documents.

2.    <u>JAB Must Supplement Its Answer Sinanyan's Interrogatories</u>

               i.    *Interrogatory 2*

JAB objects to Interrogatory 2 on the grounds that: (1) the interrogatory is vague and ambiguous and (2) the term "Resort Fees" is argumentative.  JAB then responds as follows: "the fees charged depend on the units to which they were applied and the specific services and goods provided.  There was not a uniform fee charged across the board and a case-by-case evaluation must be done to ascertain a more thorough response to this interrogatory."

First, JAB's objections are overruled.  Interrogatory 2 is not vague or ambiguous nor is the term "Resort Fees" argumentative; JAB may not refuse to answer Interrogatory 2 on the grounds that it disagrees with Sinanyan's allegation regarding her entitlement to the disputed funds.  Second, JAB must supplement its response Interrogatory 2.  Interrogatory 2 asks how much the Defendants charged per night to rent Plaintiffs' condominium units, yet JAB failed to provide the requested figures.  JAB must either provide Sinanyan with responsive figures or permit Sinanyan to inspect JAB's records to answer Interrogatory 2.  FED. R. CIV. P. 33(d) ("if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed … and giving the interrogating party a reasonable opportunity to examine and audit the records.").

/// /// ///

/// /// ///

ii.    *Interrogatory 3*

JAB objects to Interrogatory 3 on the ground that Sinanyan is not an adequate class representative.  As previously explained, Sinanyan is entitled to reasonable, pre-certification discovery.  Interrogatory 3 asks about the number of condominium units the Defendants managed during the relevant time period, approximately 2009 to the present.   As Interrogatory 3 inquiries about the numerousity of Sinanyan's proposed class, JAB's objection is overruled.  JAB must supplement its answer to Interrogatory 3.

3.    JAB Must Serve Amended Answers to Sinanyan's Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either; and the genuineness of any described documents."  FED. R. CIV. P. 36(a)(1).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  FED. R. CIV. P. 36(a)(4). "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  FED. R. CIV. P. 36(a)(6).

As an initial matter, JAB's objections to RFAs 7, 9, and 11 are overruled.  JAB objects on the grounds that the RFAs are: (1) vague and ambiguous, (2) argumentative, and (3) unduly burdensome. For reasons stated elsewhere in this order, JAB's objections are overruled.

The court now turns to JAB's answers to RFAs 7, 9, and 11.  JAB must supplement its answers to RFAs 7, 9, and 11.  JAB answered RFA 7 as follows, "[JAB] states that the best evidence of the terms of the Agreements would be the Agreements themselves and Defendant refers Plaintiff to said documents for their content."  JAB answered RFAs 9 and 11 as follows, "[JAB] is unable to admit or deny this request as framed and therefore, denies the same."  Rule 36 provides the party responding to a RFA with four options: (1) admit, (2) deny, (3) admit in part and deny in part, or (4) state that the party lacks sufficient information to admit or deny.  FED. R. CIV. P. 36(a)(4).  With respect to RFA 7, JAB chose none of the permitted responses, thus it must supplement its answer in order to conform to the requirements of Rule 36.  With respect to RFAs 9 and 11, JAB chose two responses, with the result being that the court is unable to ascertain how JAB intended to answer.  Thus JAB must supplement its answer to RFAs 9 and 11 in order to conform to the requirements of Rule 36.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Sinanyan's motion to compel (Doc. #65) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that JAB's vague and ambiguous objection to RFP 20 is SUSTAINED.  JAB is not required to produce documents responsive to RFP 20.  All other objections to Sinanyan's RFPs are OVERRULED.  On or before April 15, 2016, JAB must produce documents responsive to RFPs 3, 5, 10, 11, 12, and 21 or provide a declaration that explains its efforts to search for responsive documents, for instances where no responsive documents were located.

IT IS FURTHER ORDERED that JAB's objections to Interrogatories 2 and 3 are OVERRULED.  On or before April 15, 2016, JAB must supplement its responses to Interrogatories 2 and 3.

/// /// ///

9

   IT IS FURTHER ORDERED that JAB's objections to RFAs 7, 9, and 11 are OVERRULED.  On or before April 15, 2016, JAB must serve supplemental answers to RFAs 7, 9, and 11.

   IT IS SO ORDERED.

   DATED this 23rd day of March, 2016.


                                          _____
                                          CAM FERENBACH
                                          UNITED STATES MAGISTRATE JUDGE