UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICE SINANYAN, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> LUXURY SUITES INTERNATIONAL, ) <br> LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:15-cv-00225-GMN-VCF <br><br> **ORDER ACCEPTING IN PART AND DENYING IN PART REPORT & RECOMMENDATION OF MAGISTRATE JUDGE FERENBACH** |

Before the Court for consideration is the Report and Recommendation ("R&R"), (ECF No. 96), of the Honorable Cam Ferenbach, United States Magistrate Judge, entered June 6, 2016.

Pursuant to Local Rule IB 3-2(a), objections were due by June 23, 2016. No objections have been filed. In accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 1-4, the Court has reviewed the record in this case and agrees with Magistrate Judge Ferenbach's recommendation that the Answer, (ECF No. 37), filed by Defendant JAB Affiliates, LLC ("Defendant") should be stricken.

However, to the extent the R&R recommends that default judgment be entered against Defendant, the Court denies the R&R. (R&R 1:18). Although Plaintiff requested a default judgment against Defendant in her Motion for Sanctions, (ECF No. 91), Plaintiff has not satisfied the procedural requirement of securing an entry of default judgment against Defendant. *See* Fed. R. Civ. P. 55(a)–(b). Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *See, e.g.*, *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-cv-01451-ODW (JCG), 2016 WL 3912016, at *2 (C.D. Cal. July 19, 2016). First, "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). *Rubbermaid Commercial Prod., LLC v. Trust Commercial Prod.*, No. 2:13-cv-02144-GMN-GWF, 2014 WL 4987878, at *3 (D. Nev. Aug. 22, 2014) (discussing the *Eitel* factors courts consider in analyzing a request for entry of default judgment).  Nonetheless, the Court will interpret Plaintiff's request for a default judgment as including one for entry of default.

In this case, entry of default is appropriate as Defendant has "stated that it did not oppose judgment being entered against it." (*See* R&R 1:14–15).  Thus, Defendant has not demonstrated "a clear purpose to defend [itself], [such that the C]ourt may not enter default against [it]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988). However, Plaintiff has not presented any legal analysis under the *Eitel* factors explaining why a default judgment should be granted here. *Haas v. PMCW*, No. 12-CV-570-H (WVG), 2013 WL 12116597, at *2 (S.D. Cal. July 19, 2013) (denying motion for default judgment where plaintiff failed to provide "any discussion of the *Eitel* factors showing that Plaintiff is entitled to default judgment, the requested damages, or attorney's fees").  Accordingly, entry of default against Defendant is proper, but an order granting default judgment is insufficiently supported.  Plaintiff may file a motion for default judgment that appropriately addresses the *Eitel* factors and Plaintiff's request for damages.[1]

---

[1] The Court notes that Plaintiff's Rule 26(a)(1)(A)(iii) Statement of Damages, (ECF No. 97), filed pursuant to the R&R, requests three types of damages: "$7,975.00 in actual damages, $1,374.50 in costs, and $19,857.92 in attorney's fees." (Statement of Damages 2:15).  As to Plaintiff's request for actual damages, Plaintiff's motion for default judgment should show proof of the relief she requests pursuant to Rule 54(c). *Swanson v. Holder*, No. 10-CV-2363-IEG NLS, 2011 WL 3794939, at *1 (S.D. Cal. Aug. 26, 2011) ("If plaintiff is seeking money damages, the plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint.").  Plaintiff's request for costs must be filed separately "on the form provided by the clerk no later than 14 days after the date of entry of the judgment" as required by Local Rule 54-1. Finally, pursuant to Rule 54(d), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion . . . no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A)(i).

1 **IT IS THEREFORE ORDERED** that the Report and Recommendation, (ECF No. 96),
2 is **ACCEPTED in part and DENIED in part**.
3 **IT IS FURTHER ORDERED** that Defendant's Answer, (ECF No. 37), is **STRICKEN**.
4 **IT IS FURTHER ORDERED** that the clerk enter default against Defendant pursuant to
5 Federal Rule of Civil Procedure 55(a).

7 **DATED** this __23__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court