**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALICE SINANYAN, an individual; JAMES KOURY, an individual and trustee of the Koury Family Trust; and SEHAK TUNA, an individual, on behalf of themselves and others similarly situated,<br><br>                   Plaintiffs,<br>    vs.<br><br>LUXURY SUITES INTERNATIONAL, LLC, a Nevada limited liability company; RE/MAX PROPERTIES, LLC, a Nevada limited liability company; JETLIVING HOTELS, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive,<br><br>                   Defendants. | **Case No.: 2:15-cv-00225-GMN-VCF**<br><br>**ORDER** |

This action involves claims brought by Alice Sinanyan ("Plaintiff" or "Sinanyan"), individually and on behalf of a putative class of approximately 110 condominium owners, against property rental manager JetLiving Hotels, LLC ("JetLiving").[1] Plaintiff alleges that JetLiving violated its contractual, statutory, and common law duties by failing to disclose its collection of a "resort fee" from rental guests, and the parties have now reached a settlement. Pending before the Court is the Second Renewed Motion for an Order, (ECF No. 111), filed by both parties requesting that the Court grant provisional approval of the proposed settlement agreement and preliminarily certify Plaintiff's proposed class action for purposes of settlement.

---

[1] There are also two other named plaintiffs—James Koury and Sehak Tuna—who are seeking to represent a class against Defendant Luxury Suites International, LLC ("LSI"). Plaintiff is also seeking to represent the class against LSI and Defendant Jab Affiliates, LLC ("Jab"). Reference to these plaintiffs and codefendants is omitted because the instant Motion only concerns allegations with respect to Plaintiff and JetLiving.

1   For the reasons stated herein, the Motion is **GRANTED**.

2   **I.        BACKGROUND**

3           On February 9, 2015, Plaintiff filed the instant action alleging various state law

4   violations on behalf of a putative class comprising all condominium owners at the Signature at

5   MGM Grand ("The Signature") who contracted with JetLiving to manage the rental of their

6   condominium units after January 5, 2009 ("Putative Class"). (Compl. ¶ 60, ECF No. 1-1).

7   Specifically, Plaintiff alleges that pursuant to the JetLiving Rental Agreement, members of the

8   Putative Class were entitled to 65% of a "resort fee" collected by JetLiving from rental guests.

9   (*Id.* ¶ 55).  According to Plaintiff, not only did JetLiving retain all resort fees, JetLiving also

10  failed to disclose that it was collecting the fee. (*Id.* ¶¶ 52, 54, 55).  Based on these allegations,

11  the Complaint alleges the following causes of action against JetLiving: (1) breach of contract;

12  (2) breach of implied covenant of good faith and fair dealing; (3) intentional misrepresentation;

13  (4) fraudulent concealment; (5) negligent misrepresentation; (6) violation of Nevada Revised

14  Statutes § 41.600; (7) breach of fiduciary duty; and (8) unjust enrichment.

15          On January 14, 2016, the parties reached a tentative settlement through mediation and

16  subsequently submitted a proposed settlement ("Proposed Settlement") now before the Court.

17  (*See* Second Renewed Mot. for Order 4:13–16, ECF No. 111).  The total settlement amount is

18  $250,000 ("Settlement Amount"), which the parties propose allocating in the following

19  manner: (1) "attorney's fees not to exceed the amount of one hundred thousand dollars

20  ($100,000.00)"; (2) "costs not to exceed ten thousand dollars ($10,000.00)"; (3) "an incentive

21  payment in the amount of ten thousand dollars ($10,000.00) for plaintiff Alice Sinanyan"; (4)

22  "administrative expenses in the amount of no greater than nine thousand dollars ($9,000.00)";

23  and (5) an allocation of the remaining $121,000 "on a *pro rata* basis based on the total resort

24  fees collected by JetLiving from the rental of the individual Putative Class member's unit

25  divided by the total resort fees collected by JetLiving from the rental of all non-opt out Putative

1    Class members' units." (*Id.* 6:24–7:5, 7:12–16).  The Proposed Settlement provides for notice

2    by direct mail to all Putative Class members identified through JetLiving's business records.

3    (*Id.* 24:2–5).

4          On February 24, 2016, the parties filed their first Joint Motion for an Order. (*See* Mot.

5    for Order, ECF No. 69).  The Motion requested that the Court adopt the parties' proposed order

6    (1) granting preliminary approval of the proposed class action Proposed Settlement; (2)

7    provisionally certifying the Putative Class; (3) approving the proposed method and form of

8    notice; and (4) scheduling a final approval hearing. (*See id.*).  On April 18, 2016, the Court

9    denied the parties' Motion because "Plaintiff [had] not provided a basis for concluding that the

10   proposed fee award [was] reasonable." (Order 12:11–12, ECF No. 83).

11         In light of the Court's Order, the parties filed a Renewed Joint Motion for an Order. (*See*

12   Renewed Mot. for Order, ECF No. 88).  The Court again denied the parties request, finding that

13   Plaintiff "failed to justify why Plaintiff's counsel [Wolf, Rifkin, Shapiro, Schulman & Rabkin,

14   LLP] ('Counsel') is entitled to 40% of the Settlement Amount under either [of the two methods

15   approved by the Ninth Circuit for calculating a reasonable attorneys' fee award]." (Order 4:23–

16   5:2, ECF No. 105).  In this Second Joint Motion for an Order, the parties repeat their request

17   for preliminary approval of the settlement agreement and class certification. (*See* Second

18   Renewed Mot. for Order, ECF No. 111).

19   **II.    LEGAL STANDARD**

20         The Ninth Circuit has declared that a strong judicial policy favors settlement of class

21   actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  However, a

22   class action may not be settled without court approval. Fed. R. Civ. P. 23(e).  When the parties

23   to a putative class action reach a settlement agreement prior to class certification, "courts must

24   peruse the proposed compromise to ratify both the propriety of the certification and the fairness

25   of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  At the preliminary

1  stage, the court must first assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v.*

2  *Windsor*, 521 U.S. 591, 620 (1997)).

3      Second, the court must determine whether the proposed settlement "is fundamentally

4  fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

5  Pre-class certification settlements "must withstand an even higher level of scrutiny for evidence

6  of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before

7  securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d

8  935, 946 (9th Cir. 2011).  This heightened scrutiny "ensure[s] that class representatives and

9  their counsel do not secure a disproportionate benefit 'at the expense of the unnamed plaintiffs

10  who class counsel had a duty to represent.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th

11  Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1027).  As such, courts must evaluate the settlement

12  for evidence of collusion. *Id.*

13      If the court preliminarily certifies the class and finds the proposed settlement fair to its

14  members, the court schedules a fairness hearing where it will make a final determination as to

15  the fairness of the class settlement.  Finally, the court must "direct notice in a reasonable

16  manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

17  **III.    DISCUSSION**

18      The Court has already analyzed this case under Rule 23's certification requirements, (*see*

19  Order, ECF No. 83), and it need not repeat that analysis here.  Instead, the success of the

20  pending motion depends on the second step of the preliminary certification analysis—whether

21  Plaintiff has demonstrated that the Proposed Settlement "is fundamentally fair, adequate, and

22  reasonable." *See Hanlon*, 150 F.3d at 1026.  On this point, the Court previously expressed

23  concern that Counsel's request for a fee award of 40% was unsupported under either method

24  approved by the Ninth Circuit for calculating a reasonable attorneys' fee award—the

25  percentage method and the lodestar method. *See Bluetooth*, 654 F.3d at 941.

1      Under the percentage method, the Court noted that "Plaintiff has not shown unusual

2   circumstances justifying an upward deviation from the 25% common fund benchmark." (Order

3   7:3–4, ECF No. 105).  With regard to the lodestar method, the Court found that

4   "[d]ocumentation of Counsel's hourly rate and hours expended is insufficient allow a lodestar

5   cross-check." (*Id.* 9:14–15).  Plaintiff's Second Renewed Motion remedies these defects by

6   "reduc[ing] their request for attorney's fees to $62,500.00, or twenty-five percent (25%) of the

7   common fund." (Second Renewed Mot. for Order. 21:13–14, ECF No. 111).  Counsel's

8   proposed award aligns with the Ninth Circuit's "benchmark" of twenty-five percent, and the

9   Court therefore need not conduct a cross check with the loadstar amount. *See Powers v. Eichen*,

10  229 F.3d 1249, 1256–57 (9th Cir. 2000) ("[T]wenty-five percent of the recovery [is] a

11  'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach.").

12      In addition, the Court finds that the notice and exclusion form proposed by Plaintiff

13  meets the requirements of Federal Civil Procedure Rule 23(c)(2)(B) and that the proposed mail

14  delivery is also appropriate in these circumstances. (*See* Exs. B, C to Mariam Decl., ECF Nos.

15  113-2, 113-3).  Specifically, Plaintiff's proposed notice adequately describes the terms of the

16  settlement, informs the class of the proposed award, provides information concerning the time,

17  place, and date of the final approval hearing, and informs absent class members that they may

18  enter an appearance through counsel. *See Churchill Vill., LLC v. Gen. Elec.*, 561 F.3d 566, 575

19  (9th Cir. 2004) (noting that a class action settlement notice "is satisfactory if it generally

20  describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints

21  to investigate and to come forward and be heard").

22      The Court therefore **GRANTS** that parties' request for preliminary class certification.

23  However, the Court cautions Plaintiff with regard to her proposed incentive award of

24  $10,000.00.  During the final fairness review, the Court will determine whether the requested

25  incentive award is appropriate in light of "the proportion of the payments relative to the

1    settlement amount," "the size of the payment," "the actions the plaintiff has taken to protect the

2    interests of the class, the degree to which the class has benefitted from those actions," and "the

3    amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at

4    952; *see also Deatrick v. Securitas Sec. Servs. USA, Inc.*, No. 13-CV-05016-JST, 2016 WL

5    5394016, at *8 (N.D. Cal. Sept. 27, 2016) (finding that while $5,000 was a presumptively

6    reasonable incentive award in the Ninth Circuit, such an award in that case was not warranted

7    because plaintiff did not offer details regarding the actions the plaintiff had taken to protect the

8    interests of the class).  Without satisfactory elaboration on these points, the Court will reduce

9    Plaintiff's incentive award at the final fairness hearing to a reasonable amount. *See, e.g.*, *Wolph*

10   *v. Acer Am. Corp.*, No. C 09-01314 JSW, 2013 WL 5718440, at *6 (N.D. Cal. Oct. 21, 2013).

11   **IV.     CONCLUSION**

12        **IT IS HEREBY ORDERED** that the parties' Renewed Motion for an Order, (ECF No.

13   111), is **GRANTED** as follows:

14        1.     Preliminary class certification is approved;

15        2.     Plaintiff's Counsel are appointed as Class Counsel;

16        3.     Sinanyan is appointed as Class Representative;

17        4.     CPT Group, Inc., is approved as Claims Administrator;

18        5.     The Settlement Agreement is approved on a preliminary basis as fair and

19               adequate;

20        6.     Within thirty days from the date this Order is filed, Defendant shall provide the

21               Claims Administrator with the name, last known home address, home telephone

22               number, and email address pertaining to each class member;

23        7.     Within thirty days after receipt by the Claims Administrator of the putative class

24               members' identifying information, the Claims Administrator shall mail the Class

25               Notice, (Ex. B to Mariam Decl., ECF No. 113-2), and Exclusion Form, (ECF No.

1   C to Mariam Decl., ECF No. 113-3), (collectively, the "Class Notice Package")

2   by United States First Class Mail;

3   8.   The deadline for class members to mail an Exclusion Form and/or mail any

4   objection(s) to the Settlement Agreement is sixty days from the date the Claims

5   Administrator mails the Class Notice Package;

6   9.   The deadline for Class Counsel to file a motion for attorneys' fees, costs, and

7   incentive award to the Class Representative is November 13, 2017;

8   10.  The deadline for Plaintiff to file a motion for final approval of class action

9   settlement, as well as the Claims Administrator to file a declaration of due

10  diligence and proof of mailing, is December 11, 2017;

11  11.  A final fairness hearing shall take place on January 12, 2018, at 9:00 am in

12  Courtroom 7C before Chief Judge Gloria Navarro.  The matter of Class Counsel's

13  motion for attorneys' fees, costs, and incentive awards to the Class

14  Representative will be considered at the final fairness hearing.

15  **DATED** this ___20__ day of July, 2017.

16

17  _____

18  Gloria M. Navarro, Chief Judge
    United States District Judge

19

20

21

22

23

24

25