1 | DON SPRINGMEYER, ESQ.
Nevada Bar No. 1021
2 | ROYI MOAS, ESQ.
Nevada Bar No. 10686
3 | JORDAN BUTLER, ESQ
Nevada Bar No. 10531
4 | **WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
5 | 3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
6 | (702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
7 | rmoas@wrslawyers.com
jbutler@wrslawyers.com
8 | *ATTORNEYS FOR PLAINTIFFS AND THE CLASS*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICE SINANYAN, an individual; JAMES KOURY, an individual and trustee of the Koury Family Trust; and SEHAK TUNA, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LUXURY SUITES INTERNATIONAL, LLC, a Nevada limited liability company; RE/MAX PROPERTIES, LLC, a Nevada limited liability company; JETLIVING HOTELS, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 2:15-cv-00225-GMN-VCF<br><br>*District Judge Gloria M. Navarro*<br>*Magistrate Judge Cam Ferenbach*<br><br>**[PROPOSED] ORDER GRANTING (1) CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES RELATING TO SETTLEMENT WITH DEFENDANT LUXURY SUITES INTERNATIONAL, LLC; AND (2) JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH LUXURY SUITES INTERNATIONAL, LLC** |

**ORDER**

This action involves claims brought by Plaintiffs/Class Representatives Alice Sinanyan ("Sinanyan") and James Koury ("Koury") (collectively, "Plaintiffs"), individually and on behalf of a putative class of 432 condominium owners, against property rental manager Luxury Suites International, LLC ("LSI" or "Defendant"). Plaintiffs' Complaint (ECF No. 1-1) alleged that LSI violated its contractual, statutory,

and common law duties by failing to disclose its collection of a "resort fee" from rental guests—all of which LSI disputed and denied. On January 19, 2018 at 9:00 a.m., this Court held a Final Fairness Hearing regarding the parties' Joint Motion for Final Approval of Class Action Settlement with Luxury Suites International, LLC (ECF No. 126), and Class Counsel's Motion for Attorney's Fees and Costs and Incentive Award to Class Representatives Relating to Settlement with Defendant Luxury Suites International, LLC (ECF No. 124).

For the reasons stated herein, both Motions are **GRANTED**.

I. **BACKGROUND**

On February 9, 2015, Plaintiffs filed the instant action alleging various state law violations on behalf of a putative class comprising of all condominium owners at the Signature at MGM Grand ("The Signature") who contracted with LSI to manage the rental of their condominium units between January 5, 2009 and January 5, 2015 (the "Class.")[1] Specifically, the Amended Complaint alleged that, pursuant to the LSI Rental Agreement, members of the Class were entitled to 65% of a "resort fee" as part of the rental revenue collected by LSI from rental guests. According to Plaintiffs, not only did LSI retain the resort fees, it further failed to disclose to Plaintiffs and the Class that it was collecting the resort fees. (ECF No. 32). Based on these allegations, the Amended Complaint alleged causes of action against LSI for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) fraudulent concealment; (5) negligent misrepresentation; (6) consumer fraud & deceptive trade practices under § 41.600; (7) breach of fiduciary duty; and (8) unjust enrichment. *Id.*

On the other hand, LSI contended that "fees," especially "resort fees," were charged to guests as an offset for expenses connected to LSI's rental management

---

[1] The LSI Class is defined by Plaintiffs as follows:
Any and all individuals who own or owned a condominium at MGM Signature and contracted with Luxury Suites International, LLC and or RE/MAX Properties, LLC to manage rental of their condominium during the six (6) years prior to filing of this Complaint.

services for which LSI was contractually entitled to full reimbursement; and that unit owners received proper and accurate disbursements of their rental revenues or, in some cases, unit owners received even more than their proper share of the disbursements

Prior to the discovery cutoff date, Plaintiffs moved for class certification, and Defendant moved for partial summary judgment. With the motions pending, the Parties engaged in mediation with the Hon. Philip M. Pro (Ret.), and, on August 22, 2016, the parties agreed to stipulate to class certification for purposes of settlement. On July 20, 2017, this Court granted the parties' Joint Motion for an Order (1) Conditionally Certifying Putative Settlement Class; (2) Preliminarily Approving of Class Settlement Agreement; (3) Directing that Notice be Sent to Putative Class Members; and (4) Scheduling a Final Fairness Hearing. (ECF No. 121). The total settlement amount is $525,00.00 ("Settlement Amount"), which the parties propose allocating in the following manner: (1) attorney's fees in the amount of twenty five percent (25%) of the total settlement amounts; (2) costs not to exceed Eighty-Eight Thousand Dollars and Zero Cents ($88,000); (3) class representative incentive awards in the amount of $20,000 to Sinanyan, and $10,000 to Koury; (4) administrative expenses not to exceed $15,000; (5) allocation of the remaining proceeds to the Class "on a pro rata basis based on Resort Fees Collected by LSI from the rental of the individual Putative Class member's unit divided by the total Resorts Fees Collected by LSI from the rental of all non-opt out Putative Class members' units."(ECF No. 121:1-5).

As part of its July 20, 2017 Order, the Court found that the settlement appeared to be fair and reasonable on a preliminary basis, but indicated that more information would be required at the final approval stage to establish fairness in light of the risks implicated by further litigation. (ECF No. 121:15-19). The Court gave pause to the requested incentive awards for Plaintiffs, indicating that it would determine the appropriateness of the awards at the final fairness review based on the proportion of the payments relative to the settlement amount, the size of the payment, the actions plaintiffs took to protect the

1 interests of the class, including the amount of time spent, and the degree to which the class benefited.

## II.     LEGAL STANDARD

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, a class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the court must first assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Pre-class certification settlements "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). This heightened scrutiny "ensure[s] that class representatives and their counsel do not secure a disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'" *Lane v. Facebook, Inc.,* 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1027). As such, courts must evaluate the settlement for evidence of collusion. *Id.*

If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing when it makes a final determination as to the fairness of the class settlement. Finally, the court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

## III. DISCUSSION

The Court previously analyzed this case under Rule 23's certification requirements, and conditionally certified the proposed class. (*See* Order, ECF No. 121). The Court need not repeat its Rule 23 analysis here, except to note that Rule 23 has been satisfied in its entirety, and final certification of the proposed class is appropriate. The Court must still determine, however, whether the proposed final class action settlement "is fundamentally fair, adequate and reasonable." *See Hanlon*, 150 F.3d at 1026. The factors in a court's fairness assessment may vary from case to case, but courts in the Ninth Circuit must generally consider the *Churchill* factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; (8) the reaction of the class members of the proposed settlement. *In re Bluetooth*, 654 F.3d 935, 946 (9th Cir. 2011). In addition, where the settlement between the parties is reached prior to class certification, the court must be assured that the settlement is not a result of collusion between counsel.

In analyzing the *Churchill* factors, the Court is satisfied that the parties have reached a fair, reasonable and adequate settlement that is not the result of collusion. The ostensible strength of Plaintiffs' claims concerning their share of resort fees collected and owed by LSI is countered by LSI's seemingly plausible defense of an offset for reimbursable expenses incurred by LSI in connection with its rental management services. (ECF No. 126 at pgs. 16-17). Accordingly, the interests of the Class are better served through the certainty of settlement, which guarantees the Class a significant benefit amounting to approximately 22% of the total resort fees collected by LSI during the class period, which Plaintiffs would only have been in a position to recover under a best case scenario in which they prevailed on all claims without any offsets. *See Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (when valuing

benefits rendered to the class, the Court should consider the total value of the benefits made available to the class because the entire fund is created through the efforts of counsel); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (settlement not judged against amount that might been recovered at trial, nor must settlement provide full recovery of damages to be fair and reasonable). Given the competing interpretations of resort fees and amounts owed, and the inherent risks, expenses, and uncertainty involved in litigating the case and proceeding to trial, including the pendency of Defendants' summary judgment motion, the immediate benefits to the Class reached by settlement outweigh any countervailing considerations. Further, as a result of the class notice period following preliminary certification by this Court, according to the class administrator, none of the Class Members opposed the agreement. (ECF No. 126, Sarich Decl.). This reflects a unanimously positive reaction from the Class, which heavily weighs in favor of a finding of fairness. *See Hanlon*, 150 F.3d at 1027 ("the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.") The final settlement also appears to be the direct result of extensive, hard-fought negotiations between capable counsel on both sides, and no evidence of fraud or collusion is present.

Concerning Class Counsel's proposed award of fees and costs, the parties must, to some degree, justify the award at the final stage because any award of fees will directly reduce the amount payable to the Class, and thus bears on the present fairness inquiry. *Martinez v. Realogy Corp.*, No. 3:10-cv-00755-RCJ-VPC, 2013 WL 5883618, at *6 (D. Nev. Oct. 30, 2013). This is a common fund case. Under regular common fund procedures, the parties settle for the total amount of the common fund and shift the fund to the court's supervision. The plaintiffs' lawyers then apply to the court for a fee award from the fund. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) (noting that in a common fund case, "a court has control over the fund—even one created pursuant to a settlement, as here[—] . . . and assesses the litigation expenses

against the entire fund so that the burden is spread proportionally among those who have benefited."). In setting the amount of common fund fees, the district court has a special duty to protect the interests of the class. On this issue, the class's lawyers occupy a position adversarial to the interests of their clients. *Staton*, 327 F.3d at 970. As the Ninth Circuit has explained,

> [b]ecause in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs. Accordingly, fee applications must be closely scrutinized. *Rubber-stamp approval, even in the absence of objections, is improper*.

*Id.* (emphasis added); *see also In re Coordinated Pre-trial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 608 (9th Cir. 1997) ("In a common fund case, the judge must look out for the interests of the beneficiaries, to make sure that they obtain sufficient financial benefit after the lawyers are paid. Their interests are not represented in the fee award proceedings by the lawyers seeking fees from the common fund.").

An award of attorney fees for creating a common fund may be calculated in one of two ways: (1) a percentage of the funds created; or (2) "the lodestar method, which calculates the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Graulty*, 886 F.2d at 272. The Ninth Circuit has approved either method for determining a reasonable award of fees. *Id*. However, the fee award must always be reasonable under the circumstances. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994).

The typical range of acceptable attorney fees in the Ninth Circuit is 20% to 30% of the total settlement value, with 25% considered a benchmark percentage. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002); *Powers v. Eichen*, 229 F.3d 1249,

1256 (9th Cir. 2000). In assessing whether the percentage requested is fair and reasonable, courts generally consider the following factors: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *Vizcaino*, 290 F.3d at 1047-50. In circumstances where a percentage recovery would be too small or too large in light of the hours worked or other relevant factors, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

Here, Class Counsel seeks an award of attorney's fees in the amount of $131,500, or 25 percent of the common fund. Counsel's proposed award aligns with the Ninth Circuit's "benchmark" of twenty-five percent, and the Court therefore need not conduct a cross check with the loadstar amount. *See Powers*, 229 F.3d at 1256-57 ("[T]wenty-five percent of the recovery [is] a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach."). Finding the percentage requested by Counsel not unreasonable, and having previously signaled its approval, the Court hereby approves Class Counsel's fee request. Class Counsel's request for reimbursement of costs in the amount of $60,526.77, as set forth in Class Counsel's Motion for Attorneys' Fees and Costs, accords with the proposed settlement terms, and is also approved.

The Court must still determine whether the requested incentive award for Sinanyan in the amount of $20,0000, and for Koury in the amount of $10,000, is appropriate in light of "the proportion of the payments relative to the settlement amount," "the size of the payment," "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions," and "the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 952; *see also Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (noting that unreasonably high incentive awards can destroy adequacy of class representatives). (*See* Order, ECF No. 120). At its discretion, a district court may award incentive payments to named plaintiffs in class action cases. *Rodriguez v. West Publ'g*

*Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The purpose of incentive awards is to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaking in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. To justify an incentive award, therefore, a class representative must present "evidence demonstrating the quality of plaintiff's representative service," such as "substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008). Without satisfactory elaboration on these points, courts are justified in reducing incentive awards following the final fairness hearing to a reasonable amount. *See, e.g., Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2013 WL 5718440, at *6 (N.D. Cal. Oct. 21, 2013).

The Court is satisfied that Sinanyan has exhibited extensive participation since the outset of this matter on behalf of the Class. The Court is further satisfied with the representations that (i) Sinanyan was instrumental in securing the requested relief for the Class, dedicating hundreds of hours in pursuit of the class claims at issue from the time of discovery of the alleged resort fee underpayments up to and including settlement; (ii) that Sinanyan conducted a robust initial investigation of the potential claims, pouring through personal financial documents, earning statements and guest rental statements for her respective unit(s) at the Signature, communicating with other unit owners and rental management representatives, and subsequently researching and hiring counsel, (iii) that during the litigation, Sinanyan was intimately involved at every step, actively consulting with counsel regarding industry standards; and, (iv) that as a resident of California, Sinanyan traveled on numerous occasions to Las Vegas for meetings with counsel, depositions, and the successful mediation with Judge Pro. The Court also notes that Sinanyan was present at the Final Fairness Hearing, and submitted a detailed log of her case-related activities over the course of the litigation, including time spent on each task. (*See* ECF No. 127.) Sinanyan went above and beyond the scope of her duties and

obligations as a class representative, and derived a tangible benefit for the Class as a direct result of her efforts. In addition, Sinanyan will share equally in the net settlement to the Class, such that she is not receiving preferential treatment as a member of the Class. However, in light of the overall settlement amount at issue, the Court deems it appropriate to reduce Sinanyan's incentive award to $12,500.

With respect to Koury, aside from his declaration attached to Class Counsel's motion for fees and costs, the Court was not presented with any persuasive evidence that he was deserving of a substantial incentive award. Certainly, the time and effort Koury put into the matter was significantly less in comparison to Sinanyan. The Court therefore awards Koury a class incentive award of $3,000.

Lastly, the Court previously found that the notice and exclusion form proposed by Plaintiffs met the requirements of Federal Civil Procedure Rule 23(c)(2)(B), and that the proposed mail delivery was also appropriate in these circumstances. The Court is satisfied from the declaration made by the third party administrator CPT Group that adequate notice of the proposed class action settlement was provided to the Class.

## IV.　CONCLUSION

WHEREAS, the Court, having reviewed and considered the Settlement Agreement, all papers filed and proceedings herein in connection with the Settlement, all oral and written comments received regarding the Settlement, including the objections filed with respect thereto, Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representatives relating to Settlement with Defendant LSI and all papers filed in support thereto, and the record in the Action, and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Incorporation of Settlement Documents.** This Order incorporates and makes a part hereof: (a) the Parties' Settlement Agreement; (b) the Settlement Notice; (c) the briefs, affidavits, declarations and other materials filed in support of the Settlement

1 and Class Counsel's request for attorneys' fees and costs, and an incentive award to Class Representatives; (d) the record at the Fairness Hearing; (e) the documents listed on the docket sheet or otherwise submitted to the Court; and (f) all prior proceedings in the action.

2. **Final Class Certification**. The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), the Court finding that the Class satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The Class shall consist of any and all individuals or entities who own or owned a condominium at The Signature at MGM Grand and contracted with LSI/ReMax to manage the rental of their condominium from January 5, 2009 to January 5, 2015.

3. **Requests for Exclusion.** The Court finds that no member of the Class has submitted a timely or untimely request for exclusion from the Class. Therefore, all members of the Class are bound by the terms and conditions of the Settlement Agreement, and this Final Order.

4. **Adequacy of Representation**. The Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. Don Springmeyer, Esq. and Royi Moas, Esq. of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP are experienced and adequate Class Counsel. Class Representatives and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

5. **Settlement Notice.** The Court finds that the dissemination of the Settlement Notice, implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice to Class Members under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members (a) of the effect of the Settlement (including the Releases provided for therein), (b) of Class Counsel's request for an award of attorneys'

fees and costs, an incentive award to the Settlement Class Representative, (c) of their right to object to any aspect of the Settlement, (d) of their right to opt in to the Class or opt out of the class, (e) of their right to appear at the Fairness Hearing, and (f) of the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class; (iv) constituted due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Final Settlement Approval**. Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of claims against LSI), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interest of the Settlement Class Representative and the other Class Members. The Settlement is approved.

7. **Implementation of the Settlement.** The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement. The Court further orders LSI to fund the Settlement Fund in the total amount of five hundred and twenty five thousand dollars ($525,000.00), and orders the Claims Administrator to disburse the Settlement Fund, after disbursement of Court approved attorney fees, costs, service award, and administrative costs, to the Class Members on a pro-rata basis.

8. **Award of Attorney Fees and Costs.** In addition, the Court hereby partially grants Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representatives relating to Settlement with Defendant LSI. The Court finds that Class Counsel's requested fees are reasonable and are based upon the actual time expended by Class Counsel in the litigation of this matter and thereby orders that the following amounts be paid from the Settlement Fund: (a) attorneys' fees in the amount of

1  $131,250.00 and (b) costs in the amount of $60,526.77.

2      9.    **Incentive Awards for Settlement Class Representatives**.  Pursuant to the terms of the Parties' Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representatives relating to Settlement with Defendant LSI, the Court also grants partially Class Counsel's request for an incentive award to Class Representative Alice Sinanyan in the amount of twelve thousand, five hundred thousand dollars ($12,500.00), and an incentive award to Class Representative James Koury in the amount of three thousand dollars ($3,000.00).  The Court finds that this amount is reasonable and appropriate based upon the services the Settlement Class Representative provided in litigating this matter.

    10.    **Administrative Expenses.** In addition, the Court hereby grants the Parties' request for payment from the Settlement Fund of administrative expenses to CPT Group, Inc., and designated third party administrator, in the amount of $13,500.00 and upon completion of its administrative obligations.

    11.    **Releases.**  This Court orders that without further action by anyone, upon the Effective Date of the Settlement, Settlement Class Representative and each of the other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successor, affiliates and assigns, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever released LSI and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing persons' respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, members, agents, representatives, brokers, consultants, heirs, and assigns, any and all claims, demands, controversies, actions, causes of action, debts, liabilities, rights, contracts, damages, costs (including attorney's fees and court and litigation expenses),

expenditures, indemnities, obligations, and alleged losses of every kind or nature whatsoever, known or unknown, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, patent or latent, individually or on behalf of the general public, which Releasing Parties asserted, have ever had, now have, or may hereafter have, related to, arising out of, or which could have been asserted, inferred, implied, included or connected in any way with any of the allegations in the Action, including, without limitation, any claims, whether they arise under federal law, common law, or under the laws of any state, pertaining to LSI.

**IT IS HEREBY ORDERED** that Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Awards to Class Representatives Relating to Settlement with Defendant Luxury Suites International (ECF No. 124), and the parties' Joint Motion for Final Approval of Class Action Settlement with Luxury Suites International, LLC (EFC No. 126), are **GRANTED** as stated herein.

**IT IS SO ORDERED.**

Dated this __8__ day of February, 2018.

_____
Honorable Gloria M. Navarro, Chief Judge
United States District Judge

Respectfully Submitted by Counsel for Plaintiffs and the Class, who hereby certifies, pursuant to Local Rule 7-2(f), that the Proposed Order was served upon and approved by counsel for LSI.

DATED this 6th day of February, 2018.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

*/s/ Royi Moas, Esq.*
DON SPRINGMEYER, ESQ.
Nevada Bar No. 1021
ROYI MOAS, ESQ.
Nevada Bar No. 10686
JORDAN BUTLER, ESQ
Nevada Bar No. 10531
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorneys for Plaintiffs and the Class*