1   DON SPRINGMEYER, ESQ.
Nevada Bar No. 1021
2   ROYI MOAS, ESQ.
Nevada Bar No. 10686
3   JORDAN BUTLER, ESQ
Nevada Bar No. 10531
4   **WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
5   3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
6   (702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
7   rmoas@wrslawyers.com
jbutler@wrslawyers.com
8   *ATTORNEYS FOR PLAINTIFFS AND THE CLASS*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALICE SINANYAN, an individual; JAMES KOURY, an individual and trustee of the Koury Family Trust; and SEHAK TUNA, an individual, on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>LUXURY SUITES INTERNATIONAL, LLC, a Nevada limited liability company; RE/MAX PROPERTIES, LLC, a Nevada limited liability company; JETLIVING HOTELS, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive,<br><br>                Defendants. | CASE NO: 2:15-cv-00225-GMN-VCF<br><br>*District Judge Gloria M. Navarro*<br>*Magistrate Judge Cam Ferenbach*<br><br>**[PROPOSED] ORDER GRANTING (1) PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS, AND INCENTIVE AWARD TO CLASS REPRESENTATIVE SINANYAN; AND (2) PARTIES' JOINT UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

## ORDER

This action involves claims brought by Plaintiff/Class Representative Alice Sinanyan ("Sinayan" or "Plaintiff"), individually and on behalf of a putative class of 123 condominium owners, against property rental manager JetLiving Hotels, LLC ("JetLiving" or "Defendant"). Plaintiff's Complaint (ECF No. 1-1) alleged that JetLiving violated its contractual, statutory, and common law duties by failing to disclose

its collection of a "resort fee" from rental guests—all of which JetLiving disputed and denied. On January 12, 2018, this Court held a Final Fairness Hearing regarding the parties' Joint Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 125), and Plaintiff's Motion for Attorney's Fees and Costs and Incentive Award to Class Representative Alice Sinanyan (ECF No. 122).

For the reasons stated herein, both Motions are **GRANTED**.

I. <u>**BACKGROUND**</u>

On February 9, 2015, Plaintiff filed the instant action alleging various state law violations on behalf of a putative class comprising of all condominium owners at the Signature at MGM Grand ("The Signature") who contracted with JetLiving to manage the rental of their condominium units after January 5, 2009 (the "Class.") Specifically, the Complaint alleged that, pursuant to the JetLiving Rental Agreement, members of the Class were entitled to 65% of a "resort fee" collected by JetLiving from rental guests. According to Plaintiff, not only did JetLiving retain all resort fees, it further failed to disclose that it was collecting the resort fees. Based on these allegations, the Complaint alleged causes of action for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) fraudulent concealment; (5) negligent misrepresentation; (6) violation of Nevada Revised Statutes § 41.600; (7) breach of fiduciary duty; and (8) unjust enrichment.

As a result of successful mediation with Hon. Philip M. Pro (Ret.) on January 14, 2016, the parties reached a class-wide settlement ( the "JetLiving Settlement") based on a total settlement amount and/or common fund sum of $250,000, allocated as follows: (1) attorney's fees not to exceed $100,000; (2) costs not to exceed $10,000; (3) Class Representative Incentive Award not to exceed $10,000; (4) Administrative expenses not to exceed $9,000; and (5) remaining to the Class on a pro rata basis based on the total resort fees collected by JetLiving from the rental of the individual Class member's unit(s) divided by the total resort fees collected by JetLiving from the rental of all non-opt out Class member's units. (*See* Order, ECF No. 120 at p. 2:15-25). On July 20, 2017,

pursuant to the Parties' Second Renewed Motion for an Order (ECF No. 111), this Court by Order dated July 20, 2017 (the "Preliminary Approval Order"), (a) conditionally certified the Action to proceed as a class action on behalf of a class of individuals consisting of any and all individuals who own or owned a condominium at The Signature at MGM Grand and contracted with JetLiving to manage the rental of their condominium from January 5, 2009 to and including the date of preliminary approval of this class action settlement; (b) preliminarily approved the Settlement; (c) appointed Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP as Class Counsel; (d) ordered that Notice of the proposed Settlement be provided to potential Class Members; (e) provided Class Members with the opportunity to: (i) opt in to or out of the Class or (ii) object to the proposed Settlement; and (f) scheduled a hearing regarding final approval of the Settlement. (ECF No. 120). The Court also granted preliminary approval of Plaintiff's attorneys' fee request, finding that the renewed and lowered proposed award of 25% of the common fund aligned with Ninth Circuit benchmarks. *Id*. at p. 5. Therein, Court further ordered separate, bifurcated briefing regarding (1) Class Counsel's attorneys' fees and costs, and incentive award to the Class Representative; and (2) Final Approval of Class Action Settlement. Pursuant to that Order, the Final Fairness Hearing was held on January 12, 2018. Pursuant to this Court's Order dated July 20, 2017, the Notice of Proposed Class Action Settlement (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against JetLiving; (ii) the certification of the Action by the Court to proceed as a class action on behalf of the Court-certified Class; and (iii) their right to opt in to the Settlement, their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

On November 13, 2017, Class Counsel filed a Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representative Sinanyan relating to Settlement with Defendant JetLiving, (ECF No. 122). Thereafter, on December 11, 2017, the Parties filed a Joint Motion for Final Approval of Class Action Settlement;

The Court conducted a hearing on January 12, 2018 (the "Fairness Hearing") to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of the Settlement Class Representative and the other Class Members, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice against JetLiving. In addition, the Court heard Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representative Sinanyan relating to Settlement with Defendant JetLiving.

## II. LEGAL STANDARD

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, a class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the court must first assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Pre-class certification settlements "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). This heightened scrutiny "ensure[s] that class representatives and their counsel do not secure a disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'" *Lane v. Facebook, Inc.,* 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1027). As such, courts must evaluate the settlement for evidence of collusion. *Id*.

If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing when it makes a final determination as to the fairness of the class settlement. Finally, the court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

## III. DISCUSSION

The Court previously analyzed this case under Rule 23's certification requirements (*see* Order, ECF No. 83), and conditionally certified the proposed class. (*See* Order, ECF No. 120). The Court need not repeat its Rule 23 analysis here, except to note that Rule 23 has been satisfied in its entirety, and final certification of the proposed class is appropriate. Rather, the success of the pending motions and proposed final class action settlement hinges upon whether the proposed settlement "is fundamentally fair, adequate and reasonable." *See Hanlon*, 150 F.3d at 1026. In this regard, the Court previously expressed concern that Plaintiff's Counsel's request for a fee award of 40% was unsupported by applicable Ninth Circuit methods – the percentage method, or the lodestar method – for calculating a reasonable attorneys' fee award. (*See* Order, ECF No. 105). The Court indicated that Plaintiff's Second Renewed Motion (ECF No. 111) remedied these defects by reducing Plaintiff's Counsel's requested fee award to twenty-five percent (25%) of the common fund, thus aligning with Ninth Circuit standards. *See Powers v. Eichen*, 229 F. 3d 1249, 1256-57 (9th Cir. 2000). Nevertheless, the parties must, to some degree, justify the award at the final stage because any award of fees will directly reduce the amount payable to the Class, and thus bears on the present fairness inquiry. *Martinez v. Realogy Corp.*, No. 3:10-cv-00755-RCJ-VPC, 2013 WL 5883618, at *6 (D. Nev. Oct. 30, 2013).

This is a common fund case. Under regular common fund procedures, the parties settle for the total amount of the common fund and shift the fund to the court's supervision. The plaintiffs' lawyers then apply to the court for a fee award from the fund. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) (noting

that in a common fund case, "a court has control over the fund—even one created pursuant to a settlement, as here[—] . . . and assesses the litigation expenses against the entire fund so that the burden is spread proportionally among those who have benefited."). In setting the amount of common fund fees, the district court has a special duty to protect the interests of the class. On this issue, the class's lawyers occupy a position adversarial to the interests of their clients. *Staton*, 327 F.3d at 970. As the Ninth Circuit has explained,

> [b]ecause in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs. Accordingly, fee applications must be closely scrutinized. *Rubber-stamp approval, even in the absence of objections, is improper*.

*Id*. (emphasis added); *see also In re Coordinated Pre-trial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 608 (9th Cir. 1997) ("In a common fund case, the judge must look out for the interests of the beneficiaries, to make sure that they obtain sufficient financial benefit after the lawyers are paid. Their interests are not represented in the fee award proceedings by the lawyers seeking fees from the common fund.").

An award of attorney fees for creating a common fund may be calculated in one of two ways: (1) a percentage of the funds created; or (2) "the lodestar method, which calculates the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Graulty*, 886 F.2d at 272. The Ninth Circuit has approved either method for determining a reasonable award of fees. *Id*. However, the fee award must always be reasonable under the circumstances. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994).

The typical range of acceptable attorney fees in the Ninth Circuit is 20% to 30% of the total settlement value, with 25% considered a benchmark percentage. *Vizcaino v.*

*Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002); Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000). In assessing whether the percentage requested is fair and reasonable, courts generally consider the following factors: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *Vizcaino*, 290 F.3d at 1047-50. In circumstances where a percentage recovery would be too small or too large in light of the hours worked or other relevant factors, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

Here, "Plaintiffs seek an award of attorney's fees in the amount of $62,500, or 25 percent of the common fund." (Joint Mot. for Order, 21:11-12). Counsel's proposed award aligns with the Ninth Circuit's "benchmark" of twenty-five percent, and the Court therefore need not conduct a cross check with the loadstar amount. *See Powers*, 229 F.3d at 1256-57 ("[T]wenty-five percent of the recovery [is] a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach."). Finding the percentage requested by Plaintiff's Counsel not unreasonable, and having previously signaled its approval, the Court hereby approves Plaintiff's Counsel's fee request in the amount of $625,500 as reasonable under Ninth Circuit standards. *See Vizcaino*, 290 F.3d at 1047 (observing that percentage awards of between twenty and thirty percent are common). Plaintiff's Counsel's request for reimbursement costs in the amount of $8,379.53, as set forth in Class Counsel's Motion for Attorneys' Fees and Costs, accords with the proposed settlement terms, and is also approved.

The Court must still determine whether the requested incentive award for Sinanyan in the amount of $10,0000 is appropriate in light of "the proportion of the payments relative to the settlement amount," "the size of the payment," "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions," and "the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 952; *see also Radcliffe v. Experian Info.*

*Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (noting that unreasonably high incentive awards can destroy adequacy of class representatives). (*See* Order, ECF No. 120). At its discretion, a district court may award incentive payments to named plaintiffs in class action cases. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The purpose of incentive awards is to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaking in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. To justify an incentive award, therefore, a class representative must present "evidence demonstrating the quality of plaintiff's representative service," such as "substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008). Without satisfactory elaboration on these points, courts are justified in reducing incentive awards following the final fairness hearing to a reasonable amount. *See, e.g., Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2013 WL 5718440, at *6 (N.D. Cal. Oct. 21, 2013).

The Court is satisfied that Sinanyan is deserving of the requested service award in light of her extensive participation since the outset of this matter. The Court is further satisfied with the representation that (i) Sinanyan was instrumental in securing the requested relief for the Class, dedicating over 250 hours in pursuit of the class claims at issue from the time of discovery of the alleged resort fee underpayments up to and including settlement; (ii) that Sinanyan conducted a robust initial investigation of the potential claims, pouring through personal financial documents, earning statements and guest rental statements for her respective unit(s) at the Signature, communicating with other unit owners and rental management representatives, and subsequently researching and hiring counsel, (iii) that during the litigation, Sinanyan was intimately involved at every step, actively consulting with counsel regarding industry standards; and (iv) that as a resident of California, Sinanyan traveled on numerous occasions to Las Vegas for meetings with counsel, depositions, and the successful mediation with Judge Pro. The

Court also notes that Sinanyan was also present at the Final Fairness Hearing, and submitted a detailed log of her case-related activities over the course of the litigation, including time spent on each task. (*See* ECF No. 127.) Sinanyan went above and beyond the scope of her duties and obligations as a class representative, and derived a tangible benefit for the Class as a direct result of her efforts. This Court, therefore, approves the requested incentive award for Sinanyan in the amount of $10,000.

The Court further finds that the proposed settlement is fair to the members of the Class in light of the strength of the Plaintiffs' case, the risk, expense and complexity of the matter, the amount offered, the experience and views of counsel, and the lack of a single objection or exclusion to the settlement. *See*, Ninth Circuit in *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). According to the parties, the total settlement amount of $250,000 represents approximately 40% of the perspective damages in this action under a best-case-scenario for Plaintiffs, and the common fund remainder of $160,120.47 to the Class is not an insubstantial sum. (*See* ECF No. 125 at pgs. 17-18.) The net class funds are to be apportioned on a pro rata basis based on the total resort fees collected by JetLiving from the rental of the individual Class member's unit(s) divided by the total resort fees collected by JetLiving from the rental of all non-opt out Class member's units. For her part, Sinanyan will share equally in the net settlement to the Class, such that she is not receiving preferential treatment as member of the Class. In terms of fairness, the Court also notes that there have been no objections to the proposed settlement by any of the Class Members following mailing of the Class Notice. (*See* ECF No. 125 at p. 21.) Additionally, the Court notes that there were no objections nor opt-outs to the settlement, and is satisfied with the fact that unclaimed funds do not revert to the Defendant.

In addition, the Court previously found that the notice and exclusion form proposed by Plaintiffs met the requirements of Federal Civil Procedure Rule 23(c)(2)(B), and that the proposed mail delivery was also appropriate in these circumstances. (*See* Joint Mot. for Order 7:10-15). The Court is satisfied from the declaration made by the

third party administrator CPT Group that adequate notice was provided in accordance with the Court's Order.

## IV. CONCLUSION

WHEREAS, the Court, having reviewed and considered the Settlement Agreement, all papers filed and proceedings herein in connection with the Settlement, all oral and written comments received regarding the Settlement, including the objections filed with respect thereto, Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representative Sinanyan relating to Settlement with Defendant JetLiving and all papers filed in support thereto, and the record in the Action, and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Incorporation of Settlement Documents.** This Order incorporates and makes a part hereof: (a) the Parties' Settlement Agreement; (b) the Settlement Notice; (c) the briefs, affidavits, declarations and other materials filed in support of the Settlement and Class Counsel's request for attorneys' fees and costs, and an incentive award to Class Representative Sinanyan; (d) the record at the Fairness Hearing; (e) the documents listed on the docket sheet or otherwise submitted to the Court; and (f) all prior proceedings in the action.

2. **Final Class Certification**. The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), the Court finding that the Class satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The Class shall consist of any and all individuals or entities who own or owned a condominium at The Signature at MGM Grand and contracted with JetLiving to manage the rental of their condominium from January 5, 2009 to and including the date of preliminary approval of this class action settlement.

3. **Requests for Exclusion.** The Court finds that no member of the Class has submitted a timely or untimely request for exclusion from the Class. Therefore, all

members of the Class are bound by the terms and conditions of the Settlement Agreement, and this Final Order.

4. **Adequacy of Representation**. Class Representative Alice Sinanyan has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. Don Springmeyer, Esq. and Royi Moas, Esq. of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP are experienced and adequate Class Counsel. Class Representatives and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

5. **Settlement Notice.** The Court finds that the dissemination of the Settlement Notice, implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice to Class Members under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members (a) of the effect of the Settlement (including the Releases provided for therein), (b) of Class Counsel's request for an award of attorneys' fees and costs, an incentive award to the Settlement Class Representative, (c) of their right to object to any aspect of the Settlement, (d) of their right to opt in to the Class or opt out of the class, (e) of their right to appear at the Fairness Hearing, and (f) of the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class; (iv) constituted due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Final Settlement Approval**. Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of claims against JetLiving pending satisfaction of judgment as

set forth below), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interest of the Settlement Class Representative and the other Class Members. The Settlement is approved.

7. **Implementation of the Settlement.** The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement. The Court further orders JetLiving to fund the Settlement Fund in the total amount of two hundred fifty thousand dollars ($250,000.00), and orders the Claims Administrator to disburse the Settlement Fund, after disbursement of Court approved attorney fees, costs, service award, and administrative costs, to the one hundred twenty-three (123) Class Members on a pro-rata basis.

8. **Award of Attorney Fees and Costs.** In addition, the Court hereby grants Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representative Sinanyan relating to Settlement with Defendant JetLiving. The Court finds that Class Counsel's requested fees are reasonable and are based upon the actual time expended by Class Counsel in the litigation of this matter and thereby orders that the following amounts be paid from the Settlement Fund: (a) attorneys' fees in the amount of $62,500.00 and (b) costs in the amount of $8,379.53.

9. **Incentive Awards for Settlement Class Representatives**. Pursuant to the terms of the Parties' Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Costs, and Incentive Award to Class Representative Sinanyan relating to Settlement with Defendant JetLiving, the Court also grants Class Counsel's request for an Incentive Award to Settlement Class Representative Alice Sinanyan in the amount of ten thousand dollars ($10,000.00). The Court finds that this amount is reasonable and appropriate based upon the services the Settlement Class Representative provided in litigating this matter.

10. **Administrative Expenses.** In addition, the Court hereby grants the Parties' request for payment from the Settlement Fund of administrative expenses to CPT Group, Inc., and designated third party administrator, in the amount of $9,000.00 and upon

1 | completion of its administrative obligations.

2 |       11.    **Releases.**  This Court orders that without further action by anyone, upon the Effective Date of the Settlement, Settlement Class Representative and each of the other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successor, affiliates and assigns, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever released JetLiving and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing persons' respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, members, agents, representatives, brokers, consultants, heirs, and assigns, any and all claims, demands, controversies, actions, causes of action, debts, liabilities, rights, contracts, damages, costs (including attorney's fees and court and litigation expenses), expenditures, indemnities, obligations, and alleged losses of every kind or nature whatsoever, known or unknown, anticipated or unanticipated, direct or indirect, fixed or contingent, asserted or unasserted, patent or latent, individually or on behalf of the general public, which the Releasing Parties asserted, have ever had, now have, or may hereafter have, related to, arising out of, or which could have been asserted, inferred, implied, included or connected in any way with any of the allegations in this Action, including, without limitation, any claims, whether they arise under federal law, common law, or under the laws of any state, pertaining to JetLiving.

///
///
///
///
///

**IT IS HEREBY ORDERED** that Class Counsel's Motion for Attorney Fees and Costs and Incentive Award to Class Representative Alice Sinanyan, (ECF No. 122) and the Joint UNOPPOSED MOTION for Final Approval of Class Action Settlement (EFC No. 125), are **GRANTED**.

**IT IS SO ORDERED.**

Dated this __8__ day of February, 2018.

_____
Honorable Gloria M. Navarro, Chief Judge
United States District Judge

Respectfully Submitted by Counsel for Plaintiffs and the Class, who hereby certifies, pursuant to Local Rule 7-2(f), that the Proposed Order was served upon and approved by counsel for JetLiving.

DATED this 6th day of February, 2018.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

/s/ *Royi Moas, Esq.*
DON SPRINGMEYER, ESQ.
Nevada Bar No. 1021
ROYI MOAS, ESQ.
Nevada Bar No. 10686
JORDAN BUTLER, ESQ
Nevada Bar No. 10531
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorneys for Plaintiffs and the Class*